UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY SOMERSET,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>    Defendants. | Civil Action No. 17-993 (KM)<br><br>OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Jerry Somerset for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [Dkt. No. 3]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 3] is **DENIED**.

Plaintiff's claims in this action arise out of the trial of a case filed by Plaintiff in the Superior Court of New Jersey, Essex County (the "State Action"). The State Action asserted claims against Joseph Elam, Plaintiff's former business partner, resulting from a failed business endeavor between Plaintiff and Elam. The State Action proceeded to a bench trial before New Jersey Superior Court Judge Frank Covello ("Judge Covello") in April 2016. At the conclusion of the trial, Judge Covello entered an order dismissing Plaintiff's Complaint. Plaintiff filed a motion for reconsideration which was denied on May 27, 2016.

On February 14, 2017, Plaintiff filed his Complaint and application to proceed *in forma pauperis* in this action.[1] *See* Dkt. No. 1. Plaintiff's Complaint asserts claims against Joseph Elam arising out their business endeavors as well as claims against various parties involved in the State Action. Plaintiff alleges that Judge Covello "impaired the obligation" of the contract

---

[1] Plaintiff's application to proceed *in forma pauperis* was granted on February 16, 2017 [Dkt. No. 4].

1

between Plaintiff and Elam and conducted "an ex parte communication hearing for reconsideration." In addition, Plaintiff states claims against Defendants under 42 U.S.C. § 1983, alleging that he was denied due process and that Defendants violated the contract clauses of the United States and New Jersey Constitutions, under the Americans With Disabilities Act, 42 U.S.C. § 12101, and under the Rehabilitation Act of 1973, 9 U.S.C. § 701.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses; and
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer

lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application to proceed *in forma pauperis*, a request for default judgment, several letters to the Court, and the present motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. Plaintiff's application for *pro bono* counsel states, in its entirety: "I am unemployed, and monthly income from [Social Security Disability] see attached and I can't financially afford an Attorney to present my claims under ADA for the Blind."[2] Dkt. No. 3. Although Plaintiff states that he is unable to afford counsel, Plaintiff does not provide any information relevant to the remaining *Tabron* factors. Upon the Court's own review of this matter, it appears that the legal issues are not complex, that

---

[2] The Court notes that Plaintiff's various filings reference his "blindness" and that the Complaint states that Plaintiff underwent eye surgery which damaged his peripheral vision. However, none of Plaintiff's filings, including the present motion for *pro bono* counsel, contain any statement that Plaintiff's vision prevents him from presenting his case or otherwise participating in this matter.

no extensive factual investigation will be required, and that the testimony of expert witnesses will likely not be required. While the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 21st day of August, 2017,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 3] is **DENIED WITHOUT PREJUDICE**.

   s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**