UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JERRY SOMERSET,

    Plaintiff,

v.

THE STATE OF NEW JERSEY, et al.,

    Defendants.

Civ. No. 17-993 (KM) (JBC)

**OPINION**

### KEVIN MCNULTY, U.S.D.J.:

The plaintiff, Jerry Somerset, maintains an action against the State of New Jersey, Frank Covello, J.S.C., Joseph Elam, Lawrence D. Eichen, Strategic Delivery Solutions, LLC ("Strategic Delivery"), and Partners Pharmacy, LLC ("Partners Pharmacy"). Mr. Somerset claims that Mr. Elam violated an agreement regarding the purchase and commercial use of a van. He lost that case in state court. He then brought this action in which he sues the state judge and other participants or potential participants in the state case, seeking to overturn the result. I initially granted several motions to dismiss the complaint, without prejudice to a motion to amend the complaint. Partners Pharmacy, Judge Covello, and the State of New Jersey have now moved to

dismiss the Amended Complaint.[1] I will grant their motions to dismiss, this time with prejudice.[2]

I. **Summary**[3]

At the heart of this case is the dissolution of a business venture between Mr. Somerset and Mr. Elam, whereby Mr. Somerset provided the money for a van that would be driven by Mr. Elam as part of a floor refurbishing business.[4]

---

[1] In a letter filed on May 10, 2018, Strategic Delivery explained that it did not receive notice of either the original Complaint or the Amended Complaint. (ECF no. 57.) Strategic Delivery, in this brief letter, sought to enter its appearance, vacate the entry of default, and join Pharmacy Partners' motion to dismiss "[b]ecause Somerset alleges the same allegations against [Strategic Delivery] as he does Partners [Pharmacy]." (*Id.* at 1.) Mr. Somerset disputes that Strategic Delivery was not properly served and states that the United States Marshal Services confirmed return receipt served on Strategic Delivery. (ECF no. 59.) I request that Strategic Services file formal motions to vacate entry of default and to dismiss.

[2] In his Amended Complaint (ECF no. 37), in letter to the Court filed on November 30, 2017 (ECF no. 45), in another letter to the Court filed on March 15, 2018 (ECF no. 54), and in an additional letter to the Court filed on the same date (ECF no. 55), Mr. Somerset has made another request for the appointment of pro bono counsel in his case. In an August 21, 2017 Opinion and Order (ECF no. 29), Judge James Clark, weighing the factors in *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), denied Mr. Somerset's initial request without prejudice. Judge Clark stated that "[t]he Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel" and "will monitor this issue through case management and, as the case progresses, may consider a renewed motion for the appointment of counsel." (ECF no. 29, at 4.) At this point, Mr. Somerset has not shown any changed circumstances that would reconsideration of his request or merit a reweighing of the factors. In particular, there has not been a minimal showing that the claims have merit. Somerset made a request for entry of default judgment (presumably) against Partners Pharmacy. (ECF no. 45.) This may be in connection with the earlier entry of default judgment against Partners Pharmacy (ECF no. 23), which I vacated in my previous opinion. (ECF no. 30.) Mr. Somerset provides no reasons for this new entry of default against Partners Pharmacy. Moreover, since the vacating of the default, Partners Pharmacy has been responsive on the docket. I therefore will deny Mr. Somerset's request for an entry of default.

[3] For ease of reference, I will cite to Mr. Somerset's Amended Complaint (ECF no. 37) as "AC" and refer to the page on which the allegation or claim is made, as the Amended Complaint lacks numbered paragraphs.

[4] For additional detail on the facts and procedural background of the case, please see the previous opinion (ECF no. 30) resolving the earlier motions (ECF nos. 8, 24, 25) to dismiss by Partners Pharmacy, Mr. Eichen, Judge Covello, and the State of New Jersey.

2

Mr. Somerset filed his original complaint on February 14, 2017, asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Contracts Clause of the United States Constitution, among other causes of action. (ECF no. 1.) I granted the motions to dismiss filed by the State, Judge Covello, Eichen, and Partners Pharmacy, on judicial immunity, *Rooker-Feldman*, *res judicata*, and Eleventh Amendment immunity grounds, as well as failure to state a claim under the ADA and the Contracts Clause of the United States Constitution. (*See* ECF no. 30.) However, I allowed Mr. Somerset to file a motion to amend his complaint in order to remedy the deficiencies of the original. (ECF no. 31.) Mr. Somerset has since submitted an amended complaint.[5] Partners Pharmacy and the State, on behalf of itself and Judge Covello, have moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6). (ECF nos. 39, 49.)

## II. Discussion

### a. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[5] In the order, I stated that "[t]hese initial dismissals [were] without prejudice to the filing, within 30 days, of a propose amended complaint, with motion to amend, that remedies the deficiencies of the original." (ECF no. 31.) Mr. Somerset amended his complaint without filing the necessary motion, a defect I will overlook in light of his *pro se* status.

3

not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff, like Mr. Somerset here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's *pro se* status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*." *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### b. Partners Pharmacy claims

In the earlier opinion, I granted Partners Pharmacy's motion to dismiss because Mr. Somerset's allegations failed to provide or put forth sufficient facts to state a claim against Partners Pharmacy for contractual liability or claim under the ADA. (ECF no. 30, at 19–20.) In his Amended Complaint, Mr. Somerset has further elaborated on Partners Pharmacy's involvement with the case at hand. He states "[t]he controlling linchpin is my financial investment in the purchase of the vehicle and services provided to Partners Pharmacy, LLC and Strategic Delivery Solution, as well as Joseph Elam personal and financial benefits." (AC at 4.) He also alleges that he and Mr. Elam delivered medical

4

supplies from Partners Pharmacy and Strategic Delivery to Ancora Psychiatric Hospital in Hammonton, New Jersey. (*Id.* at 5.) He then explains in 2014 that he was requested "to do a floor inspection for repairs and damages to the company's floors." (*Id.*) Aside from procedural descriptions of this case and the underlying state case,[6] these allegations are the extent of what is alleged against Partners Pharmacy in the Amended Complaint.

Mr. Somerset seeks "monies lost and loss of income for the use of [his] vehicle, money invested for the purchase of the vehicle," and other losses associated with the vehicle, equity interest in Partners Pharmacy, and the return of the vehicle. (AC at 6.) However, the factual allegations made by Mr. Somerset fail to connect to any actions by Partners Pharmacy or the relief being sought. The root of Mr. Somerset's grievance is a claim that Mr. Elam deprived him of his rightful ownership of the vehicle. Partners Pharmacy seems to be one of the customers of the business in which the vehicle was used. Mr. Somerset has not alleged that Partners Pharmacy is in possession of the vehicle or that Partners Pharmacy discriminated against him unlawfully on account of his disability. The complaint, even as amended, does not put Partners Pharmacy on notice as to what Mr. Somerset is alleging it has done, the nature of the claims against it, and how the allegations and the claims connect to the relief sought. Nor has the Amended Complaint shed any new light on the claims made by Mr. Somerset in the original complaint. Therefore, I will dismiss Mr. Somerset's claims against Partners Pharmacy for failure to state a claim upon which relief can be granted.

---

[6] Mr. Somerset suggests that Partners Pharmacy had some role in an alleged ex parte hearing in the state case. (AC at 2.) Although it is not clearly stated, he says that Mr. Elam represented Partners Pharmacy (or vice-versa) in those proceedings and implies that this was somehow unfair or in error. I am unable to discern precisely what these allegations mean. Regardless of their veracity, as I stated in the previous Opinion, "the proper recourse" to remedy an error in a state case "is to file an appeal within the State court system." (ECF no. 30, at 12.)

5

### c. Claims against the State and Judge Covello

In the earlier opinion, I granted the State and Judge Covello's motion to dismiss. (ECF no. 30, at 20.) For certain claims against the State, I found that the *Rooker-Feldman* doctrine[7] barred Mr. Somerset from attempting to overturn the result of his underlying state case. (*Id.* at 9–12.) I also found that, even if that doctrine did not apply, the preclusive effect of *res judicata* and New Jersey's broad "entire controversy" rule prevented Mr. Somerset from relitigating those claims. (ECF no. 30, at 12–13.) However, I set the ADA claims pertaining to the State aside, because I found that Mr. Somerset's allegations were not specific enough to permit the court to determine whether the ADA abrogated the State's Eleventh Amendment immunity. (*Id.* at 14–15.)

The Amended Complaint fails to state any facts or set forth a claim for which the State is not immune under the Eleventh Amendment. Indeed, the Amended Complaint really fails to state a claim against the State at all. The only allegation against the State is that it responded to this suit after being served with a summons and that Mr. Somerset seeks "to correct the abuse of discretion and process of [the] State of New Jersey." (AC at 2, 4.)

At any rate, however, the State is entitled to dismissal based on its Eleventh Amendment immunity. In general, litigants are barred from bringing suits for damages against any state in federal court. *See* U.S. Cont. Amend. XI; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." (citations omitted)). Congress is allowed to abrogate this immunity, and has done so under some limited circumstances. (*See* ECF no. 30 ("Opinion"), at 15–16 (explaining abrogation of Eleventh Amendment immunity under the ADA).) Mr. Somerset's claims of "abuse of process and

---

7    The reference is to *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

6

discretion," whatever they may consist of, are not ones for which Congress has abrogated the State's Eleventh Amendment immunity.

That leaves the ADA. The Amended Complaint does not allege facts against the State (e.g., that he was denied access to the courts) that would amount to violations of the ADA, which would in theory abrogate the State's immunity under the Eleventh Amendment. In fact, Mr. Somerset specifically admits that "[t]his is not a claim against Public or Private Entities denying me accessibility to any physical structure or the accommodation for assistance to the Superior Court of New Jersey-Essex County Entrance." (ECF no. 54, ex. 2 ("Affidavit").) Absent allegations stating an ADA claim against the State that would abrogate Eleventh Amendment immunity, the claims cannot proceed, and the motion to dismiss must be granted.[8]

As to Judge Covello, I dismissed the claims because he is absolutely immune from suits based upon the performance of his judicial functions. (*Id.* at 9.) After reviewing the Amended Complaint, I find that Mr. Somerset has not alleged anything new against Judge Covello that would circumvent his judicial immunity. Mr. Somerset only has reiterated what he alleged in the original Complaint: that his adversaries engaged in an ex parte hearing with Judge Covello, that Judge Covello "impair[ed] the Obligation of Contracts," and that Judge Covello "abuse[d his] discretion" with his handling of a motion in the state case. (AC at 2–3.) It is clear from the Amended Complaint that Judge Covello's relationship to these allegations arises solely from his performance of judicial functions as a trial judge overseeing Mr. Somerset's state action. For such actions, he enjoys absolute immunity. *See Mireless v. Waco*, 502 U.S. 9,

---

[8] Mr. Somerset's Amended Complaint makes additional reference to "the mistake of **impairing the Obligation of Contracts**." As I explained in the previous opinion, the Contracts Clause of the United State Constitution had no application to a private party's breach of contract or to a State court's erroneous denial of a claim of breach of contract; it prohibits instead *ex post facto* legislation that impairs existing contractual obligations. (ECF no. 30, at 17 (citing *Mabey Bridge & Shore, Inc. v. Schoch*, 666 F.3d 862, 874 (3d Cir. 2012).) Mr. Somerset makes no allegation that the State of New Jersey has enacted such legislation.

7

9–10 (1991); *Briscoue v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). Thus, I will grant Judge Covello's motion to dismiss Mr. Somerset's claims against him in the Amended Complaint.

### III. Conclusion

For the reasons set forth above, the motions to dismiss filed by Partners Pharmacy (ECF no. 39) and Judge Covello and the State of New Jersey (ECF no. 49) are GRANTED WITH PREJUDICE. Mr. Somerset's motions for entry of default against Partners (ECF no. 45) and appointment of pro bono counsel (ECF nos. 37, 45, 54, 55) are DENIED. Strategic Services is directed that, in order to have it contentions considered, it must file formal motions to vacate entry of default and to dismiss.

An appropriate order follows.

Dated: June 20, 2018

**Kevin McNulty**
**United States District Judge**