UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JERRY SOMERSET,** | : | |
| Plaintiff, | : | Civ. No. 17-993 (KM) |
| v. | : | |
| **THE STATE OF NEW JERSEY,** et al., | : | **OPINION** |
| Defendants. | : | |

## KEVIN MCNULTY, U.S.D.J.:

This action stems from the dissolution of a business venture between Jerry Somerset and Joseph Elam. Somerset sues under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and for breach of contract, among other causes of action. Somerset alleges that he made the down payment on a van for Elam to drive in connection with their floor refurbishing business. Elam, Partners Pharmacy, LLC, and Strategic Delivery Systems ("SDS") allegedly violated an agreement regarding the purchase and commercial use of the van.

Somerset sued Elam in state court; the matter went to trial; and judgment was entered in favor of Elam. *Somerset v. Elam,* No. DC-06311-15 (N.J. Superior Court, Law Division, Special Civil Part) (the "State Court Action"). Thereafter, Somerset brought suit in federal court against Joseph Elam; the State of New Jersey; the Hon. Frank Covello, J.S.C., who presided in the State Court Action; Lawrence D. Eichen, Elam's attorney in the State Court Action; SDS (seemingly a business in which Elam used the van); and Partners Pharmacy, LLC. In an earlier opinion and order, I dismissed with prejudice Somerset's claims against the State, Judge Covello, and Partners Pharmacy, LLC. (DE 60, 61).

1

Now before this Court are SDS's motions to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c). (DE 62). For the reasons stated herein, the motions will be granted.

## II. FACTUAL AND PROCEDURAL SUMMARY

### A. Procedural History

I describe the background of the prior state court action in the September 29, 2017 Opinion in this case. (DE 30, as amended on December 20, 2018 at DE 70, DE 71). I incorporate that Opinion here and refer the parties to Section II of that Opinion for a more complete background of the prior state court action. (DE 70 at 6).

In short, Somerset filed a complaint against Elam in state court in November 2015, alleging that, *inter alia*, Elam improperly used the van for his own purposes and failed to share the profits with Somerset. *Somerset v. Elam*, No. DC-06311-15 (N.J. Superior Court, Law Division, Special Civil Part) (DE 24-7 at 2). Judge Covello ruled in Elam's favor. *Id.* Subsequently, Somerset filed a complaint in this federal court action on February 14, 2017. (DE 1).

In May 2017, Somerset requested an entry of default against Partners Pharmacy, LLC, and SDS for failure to plead or otherwise defend, which the Clerk of the Court entered. (DE 23).

The other defendants besides SDS then filed motions to dismiss the original complaint. (DE 8, 24, 25). Partners Pharmacy also moved to vacate the Clerk's entry of default. On September 26, 2017, I granted those defendants' motions, dismissing the complaint without prejudice to the filing of a motion for leave to amend the complaint and vacating the Clerk's entry of default as to Partners Pharmacy. (DE 30, 31). On October 23, 2017, Somerset filed an amended complaint, which is the currently operative pleading. (DE 37).

The defendants Partners Pharmacy, the State of New Jersey, and Judge Covello then moved to dismiss the amended complaint. (DE 39, 49). On June 20, 2018, I granted those defendants' motions, dismissing the amended

complaint with prejudice as to Partners Pharmacy, the State of New Jersey, and Judge Covello. (DE 60, 61).

Prior to the disposition of the motions to dismiss the amended complaint, in a letter filed on May 10, 2018, SDS sought to join Partners Pharmacy's motions to dismiss and to vacate the entry of default. (DE 57). In that letter, SDS explained that it did not receive notice of either the original complaint or the amended complaint. (*Id.*). In addition to seeking to join Partners Pharmacy's motion to dismiss, SDS also sought to enter its appearance and vacate the entry of default, noting that dismissal is appropriate "[b]ecause Somerset alleges the same allegations against [SDS] as he does Partners [Pharmacy]." (DE at 1).

Somerset disputed that SDS was not properly served and asserted that the United States Marshal Services confirmed return receipt served on SDS. (DE 59). Rather than allow SDS to join Partners Pharmacy's motion to dismiss, I requested that SDS file formal motions to vacate the entry of default and to dismiss the amended complaint. (DE 60 at 2, n. 1). SDS complied with that request and filed the current motions to dismiss the amended complaint and to vacate the entry of default against it. (DE 62).

### B. Factual Allegations

Somerset's allegations involve the dissolution of a business venture between Somerset and Elam, whereby Somerset provided the money for a van that would be driven by Elam as part of their business, and they would split the profits. Somerset complains that Elam used the van for unauthorized purposes and failed to split the proceeds with Somerset. Additional detail on these allegations is contained in the previous opinions resolving the earlier motions to dismiss. (DE 60, 70)

With respect to SDS specifically, Somerset sets forth the following allegations in the amended complaint.[1] Partners Pharmacy is the parent entity

---

[1] For ease of reference, I will cite to Somerset's amended complaint (DE 37) as "AC" and refer to the page on which the allegation or claim is made, as the amended complaint lacks numbered paragraphs.

3

of SDS. SDS is in the business of procuring medicine and medical equipment and delivering it to mental health facilities and nursing homes. (AC at 1-2).

On several occasions Somerset joined Elam in the van when making deliveries of medical supplies from Partners Pharmacy and SDS to a health care provider called Ancora Psychiatric Hospital. (AC at 5). Somerset seeks money damages from SDS for the use of the van, supposedly because SDS "should have known that the business contract existed" between himself and Elam regarding use of van. (AC at 6). In other words, SDS was allegedly aware of the contract between Elam and Somerset, but nevertheless allowed Elam to use the van to deliver their products.

## IV. ANALYSIS

### A. Motion to Vacate Entry of Default

SDS argues that there is good cause to vacate the Clerk's May 8, 2017 entry of default against it is because it was never served with the original complaint, the amended complaint, or the entry of default. (DE 62-1 at 1-2). I agree that there is good cause to vacate the Clerk's entry of default against SDS.

"There is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. "Any doubt should be resolved in favor of setting aside the [entry of default] so that cases may be decided on their merits." *Id.*; *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting that the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable."); *Beauty Plus Trading Co. v. Bee Sales Co.*, No. 15-8502 (ES) (MAH), 2017 WL 706604, at *2 (D.N.J. Feb. 21, 2017).

A motion to vacate default is governed by Fed. R. Civ. P. 55. Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate default is left to the sound

discretion of the district court. *Venus v. Polize, Inc.*, No. 16-679 (MAS) (LHG), 2017 WL 6626314, at *1 (D.N.J. Dec. 28, 2017). When deciding whether to vacate default, the court must consider three factors: (1) whether the non-defaulting party will be prejudiced if the default is lifted; (2) whether the defaulting party has a meritorious defense; and (3) whether culpable conduct of the defaulting party led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Days Inns Worldwide, Inc. v. Devils Lake Hosp., Inc.*, No. 12-5022 (ES) (SCM), 2013 WL 12302984, at *2 (D.N.J. May 22, 2013), *report and recommendation adopted*, No. 12-5022, 2013 WL 12302981 (D.N.J. June 21, 2013).

I analyze those three Rule 55(c) factors in turn.

### 1. Whether the non-defaulting party will be prejudiced if the default is lifted

There is no particular prejudice to Somerset here. No discovery has been taken in this case. SDS seems to be a marginal defendant whose liability is likely to rise or fall with that of the others. There is no indication that, in the interim, any relevant evidence was lost, or anything occurred that would hinder the plaintiff's presentation of his case.

### 2. Whether the defaulting party has a meritorious defense

SDS points to a meritorious defense. As discussed below, Somerset has failed to set out a claim against SDS for which relief can be granted. *See* Section IV.B., *infra*.

### 3. Whether culpable conduct of the defaulting party led to the default

Based on the certifications SDS filed with its motion to vacate default, SDS's conduct was not a culpable cause of the entry of default against it. SDS has attested that it was not made aware of the original complaint, the entry of default, or the amended complaint until May 2018, which was a year after the May 2017 entry of default. This action came to the attention of SDS, it says, only through the happenstance of a public records search. (DE 62-3 ¶¶ 2, 4, 5).

SDS certifies that it has never been served with the original complaint or the amended complaint. (DE 62-3 ¶ 2). SDS also points out that Somerset's purported "proof of service" of the original complaint on SDS on March 1, 2017 does not state the name and title of the individual served on SDS's behalf. (DE 62-2 ¶ 3, p. 23; DE 62-3 ¶ 3). SDS has no internal record of being served with any document on that day. (DE 62-3 ¶ 3). It also has no internal record of being served with Somerset's request for default against it. (DE 62-3 ¶ 4).

Interpreting the record in the light most generous to Mr. Somerset, there is no indication that SDS is guilty of anything more than negligence. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) (noting that negligence does not satisfy the culpable conduct standard for vacating default). In particular, there are no indicia of willful or bad faith conduct, and SDS appears to have responded quickly once it became aware of this case. Indeed, after SDS found out about this case in May 2018, it entered an appearance the same month and sought to join the other defendants' motions to dismiss and vacate default. (DE 62-3 ¶ 6; DE 56, 57, 58).

Overall, the three factors weigh in favor of vacating the entry of default. Therefore, I will grant SDS's motion to vacate default pursuant to Rule 55(c).[2]

### B. Motion to Dismiss the Amended Complaint

SDS argues that Somerset's amended complaint fails to set forth a clear and plain statement demonstrating the wrong that SDS committed and the basis for Somerset's entitlement to relief. (DE 62-1 at 13-17). I agree that the amended complaint fails to set forth a cognizable cause of action as to SDS.

### 1. Applicable Standard

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In

---

[2] SDS makes the additional argument that Somerset filed his amended complaint after the entry of default against it, which effectively mooted the earlier entry of default. (DE 62-1 at 10). I need not reach that argument.

deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff, like Somerset here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### 2. Discussion

In the earlier opinion dismissing the complaint, I wrote the following with respect to the allegations against Partners Pharmacy:

> [Somerset's] allegations, however liberally read, come nowhere near stating a claim against Partners Pharmacy. It is alleged that Partners failed to pay, but it is impossible to discern why Partners would be liable to pay. It is not alleged what, if anything, Partners did in relation to Elam; what services, if any, Elam performed for Partners; and what obligations Partners could have had under the agreement, which was between Somerset and Elam. It is not alleged that Partners discriminated against Somerset or denied him access to anything.

(DE 70 at 20). The same might be said for the allegations against SDS in all respects. The amended complaint does not substantially distinguish between the role of SDS and that of Partners Pharmacy. SDS, like Partners, was not a party to the Somerset/Elam contract and had no obligations under it.

Mr. Somerset's essential allegation against SDS is that Somerset and Elam were together in the van on several occasions when making deliveries on behalf of SDS. (AC at 5). From this, he infers that SDS was aware of the agreement between Elam and Somerset. The theory seems to be some form of tortious interference or participation in Elam's breach of contract. The initial problem is that, as a result of the state court trial verdict, it is *res judicata* that Elam himself did not breach the contract. And if Elam himself did not breach, then SDS cannot have done so derivatively. The second problem is that wrongdoing on the part of SDS cannot be inferred from its knowledge that Elam and Somerset both occupied the van when making deliveries for SDS. This would not suggest that Elam was failing to split profits with Somerset as agreed. Nor, in fact, does this allegation plausibly suggest that SDS was aware of the terms of the Somerset/Elam agreement at all.

Overall, the allegations against SDS are bare. Even with the liberal construction afforded *pro se* plaintiffs, the facts in the amended complaint do not plausibly suggest any cognizable claim against SDS. As in the case of the closely parallel second dismissal of the claims against Partners Pharmacy,

amendment would be futile. This dismissal of the claims against SDS is therefore with prejudice.

## CONCLUSION

For the foregoing reasons, the motions filed by SDS to vacate the entry of default and to dismiss the amended complaint are GRANTED. The grant of the motion to dismiss is with prejudice as to SDS.

An appropriate Order follows.

Dated: March 4, 2019

KEVIN MCNULTY
United States District Judge